UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR HALL, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:25-CV-699 DRL-SJF |

OPINION AND ORDER

Oscar Hall, a prisoner without a lawyer, filed a habeas petition challenging the Indiana Department of Correction's calculation of his sentence. ECF 2. According to the petition, Mr. Hall signed an agreement to participate in a case plan credit time program but was not informed that it would affect his ability to accrue credit time in other ways. He maintains that the "unconscionable ambiguity" of this agreement violated his right to procedural due process. ECF 2 at 2. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of Mr. Hall's claims, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on

> direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. Ct. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008).

Mr. Hall contends that the court can waive the exhaustion requirement because his habeas petition arises under Section 2241 rather than Section 2254, citing an opinion from the United States District Court for the Northern District of Georgia, *Jones v. Zenk*, 2007 U.S. Dist. LEXIS 44310, 1 (N.D. Ga. June 19, 2007). However, the Seventh Circuit has held "the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The exhaustion requirement is set forth in 28 U.S.C. § 2254(b), so applies here. Moreover, even if the court were able to waive the exhaustion requirement for futility as Mr. Hall suggests, the court would decline to do so because Mr. Hall has not demonstrated that pursuing relief through the state courts would be futile.

Notably, Mr. Hall contends that he was required to exhaust administrative remedies rather than state court remedies as set forth in Section 2254(b). For this contention, Mr. Hall relies on *Carrasquillo v. Thomas*, 527 F. Supp. 1105, 1110 (S.D.N.Y. 1981), in which the court there found that exhaustion of administrative remedies sufficed

in the context of a habeas petition challenging the parole revocation of a federal prisoner. Given that Mr. Hall's petition challenges the sentence calculation of a state prisoner, *Carrasquillo* does not persuade the court that Mr. Hall was required to exhaust administrative remedies instead of state court remedies.

Mr. Hall alleges that he pursued administrative remedies with the Indiana Department of Correction, but he does not allege that he has made any effort to obtain relief through the Indiana courts. Consequently, it appears that the court should dismiss this case without prejudice to Mr. Hall returning to federal court once he has finished in state court. Nevertheless, the court will grant Mr. Hall another opportunity to address the exhaustion issue before deciding whether to dismiss for failure to exhaust pursuant to Section 2254 Habeas Corpus Rule 4.

For these reasons, the court:

(1) ORDERS Oscar Hall to file a response to this Order on whether he has appropriately exhausted his remedies by <u>November 20, 2025</u>; and

(2) CAUTIONS Oscar Hall, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

October 22, 2025               *s/ Damon R. Leichty*
                               Judge, United States District Court