UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OSCAR HALL,

    Petitioner,

    v.                               CAUSE NO. 3:25-CV-699 DRL-SJF

WARDEN,

    Respondent.

OPINION AND ORDER

Oscar Hall, a prisoner without a lawyer, filed a habeas petition challenging the Indiana Department of Correction's calculation of his sentence. ECF 2. According to the petition, Mr. Hall signed an agreement to participate in a case plan credit time program but was not informed that it would affect his ability to accrue credit time in other ways. He maintains that the "unconscionable ambiguity" of this agreement violated his right to procedural due process. ECF 2 at 2. In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the court found that Mr. Hall was required to exhaust state court remedies rather than administrative remedies prior to litigating a federal habeas petition challenging the calculation of his sentence. ECF 6. Because he had not presented his habeas claims in state court, the court found that the habeas petition should likely be dismissed without prejudice for lack of exhaustion but granted Mr. Hall an opportunity to respond before making that determination.

Mr. Hall has now filed a response. ECF 8. In this response, Mr. Hall frames his claim as "whether the Indiana Department of Correction can breach the express terms of

a signed contract and avoid enforcement by characterizing credit time as discretionary." Consequently, Mr. Hall now appears to want to enforce his case plan credit time agreement rather than voiding it as unconscionable as he asserted in the petition. *Id.* at 1. However, both versions of Mr. Hall's claim amount to a challenge to the calculation of his sentence. Having addressed this discrepancy, the court will consider the arguments relating to the exhaustion requirement.

First, Mr. Hall argues that he is not required to exhaust state court remedies because he raises habeas claims under Section 2241 rather than Section 2254. Notably, none of the judicial opinions cited by Mr. Hall lends any support for this proposition. *See Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012); *Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

Setting that aside, in the prior order, the court relied on *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), which held "the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." To Mr. Hall's point, *Walker* related to prison disciplinary proceedings and involved a challenge to the validity of a sentence rather than the calculation of a sentence, but § 2241 petitioners may be required to exhaust state court remedies even when § 2254 is entirely inapplicable. Most notably, the Seventh Circuit has indicated that state pretrial detainees seeking habeas relief under § 2241 are not statutorily required to exhaust state court remedies while also holding that federal courts may require such exhaustion "as a matter of comity." *United States v. Castor*, 937 F.2d 293, 296 (7th Cir. 1991). Though the court finds that *Walker* controls this case and that state court exhaustion is statutorily required, the court would

2

require Mr. Hall to exhaust state court remedies as a matter of comity even if it was not statutorily required.

Mr. Hall next argues that "[e]ven under § 2254 analysis, administrative exhaustion satisfies PLRA requirements." This argument is difficult to parse, but Mr. Hall appears to be arguing that, because administrative exhaustion suffices for the Prison Litigation Reform Act (PLRA), it also suffices for § 2254 habeas petitions. This argument is incorrect. First, § 2254 expressly requires the exhaustion of state court remedies, while the PLRA expressly requires the exhaustion of administrative remedies. 28 U.S.C. § 2254(b); 42 U.S.C. § 1997e(a). Second, the Seventh Circuit has addressed the interplay between the PLRA and habeas cases, holding that "cases properly brought under §§ 2241 or 2254 as habeas corpus petitions are not subject to the PLRA." *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000).

Mr. Hall also argues that that he should be excused from exhausting state court remedies because doing so would be futile. Section 2254 contains no futility exception *per se* but provides that habeas petitioners cannot obtain relief without exhausting state court remedies "unless it appears that: (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

More specifically, Mr. Hall contends that state petitions for post-conviction relief and for writs of habeas corpus are appropriate only to challenge the validity of a conviction and sentence rather than the calculation of a sentence. Notably, Rule 1, Section 1(a)(1), of the Indiana Rules for Post-Conviction Remedies allows prisoners to file

3

petitions for post-conviction relief "for claims that a petitioner's sentence has expired . . . or he is otherwise unlawfully held in custody or other restraint." Further, under Indiana law, "[t]he purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process." *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). "A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release." *Id. Hardley* explained the dichotomy of the two forms of state petitions as follows:

> [A] trial court does not have jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner is serving time under a proper commitment, his sentence has not expired and he has not been denied good time or credit time and he is not seeking a correction of the beginning or the end of his sentence. Therefore, a petitioner must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration) when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge.

*Id.* at 742-43.

In *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. Ct. App. 2020), the Indiana Court of Appeals found that the petitioner's claim that his sentence had fully expired was properly raised in a state habeas petition. Further, in *Miller v. Walker*, 642 N.E.2d 1000 (Ind. Ct. App. 1994),[1] the Indiana Court of Appeals considered sentence calculation challenges

---

[1] Though Westlaw reflects that this judicial opinion was vacated in March 1995, it also reflects that the Indiana Supreme Court affirmed the opinion in August 1995. *Miller v. Walker*, 655 N.E.2d 47 (Ind. 1995). It has also been cited in other Indiana appellate opinions, so the court finds that it remains good law. *See e.g., Indiana Mun. Power Agency v. Town of Edinburgh,* 769 N.E.2d 222 (Ind. Ct. App. 2002), 87; *State v. Eckhardt,* 687 N.E.2d 374 (Ind. Ct. App. 1997); *Skrzypczak v. State Farm Mut. Auto. Ins. Co.*, 668 N.E.2d 291 (Ind. Ct. App. 1996).

4

related to educational credit time from two prisoners, one of whom raised his claim in a state petition for post-conviction relief, and one of whom raised his claim in a state habeas petition. Consequently, state law contradicts Mr. Hall's understanding that these two forms of state petitions cannot be used to challenge sentence calculations, and the court cannot conclude that "there is an absence of available State corrective process" pursuant to 28 U.S.C. § 2254(b)(1)(B)(i).

Mr. Hall also argues that exhausting state court remedies would be futile because of *Bradford v. State*, 211 N.E.3d 36, 39 (Ind. Ct. App. 2023),[2] in which the Indiana Court of Appeals held that "educational credit time for those incarcerated in the DOC is not an entitlement or a guarantee. Simply put, offenders have no constitutional right to receive credit time." Notably, it is unclear whether this holding bears any relevance to the claims asserted by Mr. Hall relating to his contractual rights. But, even if it did, the *Bradford* holding does not render the state courts "ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B). Mr. Hall remains free to argue that the Indiana Court of Appeals should overrule *Bradford* or to argue that his case is distinguishable from *Bradford*, and there is no indication that the state courts would decline to entertain such arguments. *See Ladra v. State*, 177 N.E.3d 412, 421 (Ind. 2021) ("But while stare decisis often compels a court to follow its prior decisions, the doctrine is not a straitjacket and we may overrule or modify precedent if there are urgent reasons or if there is a clear manifestation of error."). It would also be unusual to characterize the state court process

---

[2] Significantly, Ms. Bradford raised her claim in a state petition for habeas corpus. *Bradford v. State*, 211 N.E.3d 36, 38 (Ind. Ct. App. 2023).

as ineffective merely because the state courts had articulated a holding that substantially resembles those reached by the Seventh Circuit and this court. *See, e.g., Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) ("The denial of access to educational programs does not infringe on a protected liberty interest."); *Brown v. Indiana Dept of Corr.*, 2023 WL 2241128, 3 (N.D. Ind. Feb. 23, 2023) (same).

Mr. Hall next cites *Gardner v. State*, 173 N.E.3d 1049 (Ind. Ct. App. 2021), for the proposition that "disputes about credit application timing are premature and not ripe for disposition until the release date approaches." ECF 8-1 at 4. However, *Gardner* pertained to the IDOC's calculation of earned time credit, which does not serve to reduce a prisoner's sentence and may be revoked at any time before a prisoner has completed his sentence. The claim in *Gardner* is thus materially distinguishable from Mr. Hall's claims, which pertain to educational credit time awarded under Ind. Code § 35-50-6-3.3. Further, *Gardner*, by its own terms, is not precedential and will thus have no binding force on any claims asserted by Mr. Hall in state court. *See id.* ("[T]his Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.").

Finally, Mr. Hall argues that requiring him "to litigate complex federal constitutional issues through state courts—only to have them ultimately resolved in federal court—wastes judicial resources and delays justice." ECF 8-1 at 5. But the exhaustion requirement applies to most federal habeas cases filed by state prisoners, and, though it necessarily expends additional time and judicial resources, presenting constitutional issues in state court before presenting them in federal court is precisely

6

what the operative statute requires. *See* 28 U.S.C. § 2254(b). "Courts must apply a statute as written when the language is plain and unambiguous." *Manning v. United States*, 546 F.3d 430, 433 (7th Cir. 2008). Consequently, the court declines to excuse Mr. Hall from exhausting state court remedies on the basis of futility.

Having considered Mr. Hall's exhaustion-related arguments, the court concludes that Mr. Hall was required to exhaust state court remedies and that he has not done so. Therefore, the court will dismiss the habeas petition without prejudice to Mr. Hall returning to federal court once he has finished in state court.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Mr. Hall a certificate of appealability.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Oscar Hall a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

December 8, 2025                              *s/ Damon R. Leichty*
                                              Judge, United States District Court